Case 4:19-cv-04293   Document 55   Filed on 07/20/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILBER C HARRIS, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-04293 |
| | § | |
| CHI ST. LUKE'S HEALTH BAYLOR | § | |
| COLLEGE OF MEDICINE MEDICAL | § | |
| CENTER, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant CHI St. Luke's Health - Baylor St. Luke's Medical Center's ("St. Luke's") Motion for Partial Summary Judgment. (Dkt. 46). Having reviewed the motion, the applicable law, and the entire record, the Motion for Partial Summary Judgment is **GRANTED**.

### FACTUAL BACKGROUND[1]

Plaintiff Wilber Harris ("Harris") was admitted to St. Luke's for the repair of a thoracoabdominal aortic aneurysm (TAAA) by Dr. Joseph Coselli. Dr. Coselli was assisted by Dr. Kim de la Cruz, surgical fellow Dr. Vicente Orozco-Sevilla, cardiothoracic surgery resident Dr. Corinne Tran, cardiothoracic surgery resident Dr. Michael Reidy, and intern Dr. Jorge Portuondo. The operating suite had at least thirteen health care providers in the

---

[1] For purposes of this motion, the following facts alleged by Plaintiffs and/or set forth in the undisputed summary judgment record are accepted as true.

1

room at any given time. Judith Muyco, RN was the circulating nurse. She was assisted by Cecilia Casino, RN. Audrey Perez was the scrub. She was assisted by Juana Gonzalez. The surgery lasted from 9:28 AM to 4:54 PM. It is undisputed that two different types of towels were used during the procedure, packing towels that are radiopaque and draping towels that are not. Audrey Perez performed the initial counts. Juana Gonzalez performed the first count and the final count. Cecilia Casino, RN verified all three counts. Once Dr. Coselli and Dr. de la Cruz completed the TAAA repair, Dr. Corrine Tran, Dr. Michael Reidy, and Dr. Jorge Portuondo proceeded to close Harris. One of the providers used a non-radio opaque towel instead of a radio-opaque towel to close the site. Harris was discharged home to Colorado on June 28. He presented to UC Health Memorial on July 13, 2018, for wound debridement and was instructed to follow up with a wound care clinic. On August 16, 2018, Harris returned to UC Health Memorial upon finding purulent wound drainage. He underwent debridement that day and a retained towel was found in the peritoneal space, as soon as the surgeon opened him up. Harris has not had any lasting issues related to the retained surgical towel.

St. Luke's now moves for partial summary judgment on Harris' claim of gross negligence asserting that Harris cannot prove "that CHI St. Luke's acted with 'conscious indifference' to Mr. Harris and proceeded to act in utter disregard for the safety of the patient." (Dkt. 46 at 5). The Court grants the motion and addresses the arguments below. Harris has not filed a response to this motion.[2]

---

[2] Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A). Plaintiff's response to the Motion for Summary Judgment was due February

2

**Federal Rule of Civil Procedure 56**

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). To survive summary judgment, the nonmovant must "present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015).

The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, the Court must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

---

11, 2022. No opposition was filed by that date. The Local Rules provide that failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.3, 7.4. Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition.

3

**Plaintiff Cannot Establish a Claim of Gross Negligence**

"Gross negligence consists of both objective and subjective elements." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Plaintiff must prove by clear and convincing evidence that 1) when viewed objectively from Defendants' standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. *See id.*; TEX. CIV. PRAC. & REM. CODE § 41.001(11).

Under the objective component, "extreme risk" is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury. *Id; Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). The subjective prong, in turn, requires that the defendant knew about the risk, but that the defendant's acts or omissions demonstrated indifference to the consequences of its acts. *U-Haul Int'l, Inc.*, 380 S.W.3d at 137. "[A] party cannot be liable when it actually and subjectively believes that circumstances pose no risk to the injured party, even if they are wrong. *U-Haul Int'l, Inc.*, 380 S.W.3d at 141; *See La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 248 (Tex. 1999).

Although the courts recognize that there is "no exact line" that can be drawn between ordinary and gross negligence, in general, the situation must be "highly dangerous." *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993) (internal citation and quotation marks omitted). *See also Terminix, Inc. v. Right Away*

4

*Foods Corp., Inc.*, 771 S.W.2d 675, 681 (Tex. App. 1989) (use of twice the normal quantity of fumigation chemicals and failure to properly to instruct client on safety precautions insufficient to show gross negligence); Consequently, evidence of simple negligence is insufficient to prove either the objective or subjective elements of gross negligence. *Mobil Oil Corp.*, 968 S.W.2d 917, 921 (Tex. 1998) (citations omitted).

Harris asserts a claim of gross negligence against St. Luke's in the context of his claim for punitive damages. (Dkt. 34 at ¶ 50). A plaintiff may recover exemplary damages only if he or she "proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE § 41.003(a) "'Clear and convincing' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 41.001(2). "'Gross negligence' means an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." *Id.* § 41.001.

There is no summary judgment evidence establishing that St. Luke's conduct involved an extreme degree of risk to Harris. Even if an extreme degree of risk was present, there is no summary judgment evidence to show St. Luke's had actual, subjective

5

awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Harris. Likewise, there is no summary judgment evidence that St. Luke's employees had actual, subjective awareness of the sponge being retained at surgery, but still proceeded with a conscious indifference to Harris' safety, or welfare. Without this essential evidence, no genuine issue of material fact exists, and St. Luke's is entitled to summary judgment as a matter of law, on Harris' gross negligence claim.

## CONCLUSION

For the reasons stated above St. Luke's Motion for Partial Summary Judgment. (Dkt. 46) is **GRANTED**. All other pending motions are **DENIED AS MOOT**.

SIGNED at Houston, Texas, this 20th day of July, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE