# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
January 11, 2024
Nathan Ochsner, Clerk of Court

No. 23-20102

WILBER C. HARRIS,

*Plaintiff—Appellant,*

*versus*

CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER, *doing business as* BAYLOR ST. LUKE'S MEDICAL CENTER,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4293

---

Before JOLLY, ENGELHARDT, and DOUGLAS, *Circuit Judges.*

PER CURIAM:*

William Harris appeals the district court's order to enforce a settlement agreement with St. Luke's Medical Center that Harris previously authorized in this medical malpractice case. Finding no abuse of discretion, we AFFIRM the judgment of the district court.

---

*This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20102

## I.

Harris filed suit against CHI St. Luke's Medical Center and Baylor College of Medicine for medical malpractice after a draping towel was left in Harris's abdomen during surgery. Baylor quickly settled its portion of the case. St. Luke's and Harris later agreed to settle the rest of the case for $85,000.00. Two days later, however, Harris's attorney reneged the settlement with St. Luke's because Harris "changed his mind." Once St. Luke's moved to enforce the settlement, Harris's attorney filed an affidavit stating that the day after settling, Harris informed him that he had not authorized the settlement. Following an evidentiary hearing, the district court found that Harris's attorney held settlement authority and that the resulting settlement was enforceable. The district court, therefore, enforced the settlement agreement. Harris now appeals.

## II.

We review an order enforcing settlement for an abuse of discretion. *Vikas WSP, Ltd. v. Economy Mud Products Co.*, 23 F.4th 442, 456 (5th Cir. 2022). "A district court abuses its discretion if it (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). "When enforcing a settlement, a district court must make findings of fact and draw conclusions of law." *Vikas WSP*, 23 F.4th at 456 (citing *Pearson v. Ecological Sci. Corp.*, 522 F.2d 171, 176 (5th Cir. 1975) and FED. R. CIV. P. 52(a)).

## III.

Now on appeal, Harris argues that the district court "summarily granted" St. Luke's motion to enforce settlement and that we should reverse the district court because there is a clear factual issue on whether Harris's attorney had the authority to settle. Harris, however, misapprehends our

No. 23-20102

standard of review to be de novo, and he fails to argue that the district court abused its discretion. Harris instead reasserts that he never authorized his attorney to settle this case.

Nevertheless, the district court made factual findings based on evidence presented to it at the evidentiary hearing, correctly stated the law, and properly applied the law to the facts here. Specifically, the district court found that: (1) the settlement agreement was a proper contract between the parties and was, therefore, enforceable; and (2) it lacked "affirmative proof" that the Harris's attorney was not authorized to settle the case. The record supports the district court's factual findings, and the district court competently applied the relevant law to these facts. As such, the district court did not abuse its discretion. *In re Volkswagen of Am., Inc.*, 545 F.3d at 310.

## IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.